## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| REGINA COOLEY<br>1641 Sixth Street<br>West Portsmouth, OH 45663<br><br>and<br><br>REGINALD BENNETT<br>62 Windmill Road<br>Poughkeepsie, NY 12601<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>RYAN A. FRAZIER<br>837 Montgomery Avenue<br>Ashland, KY 41101<br><br>and<br><br>UNITED STATES POSTAL SERVICE<br>1720 Market Street<br>Saint Louis, MO 63155-9948<br><br>and<br><br>UNITED STATES ATTORNEY'S OFFICE,<br>SOUTHERN DISTRICT OF OHIO<br>221 East Fourth Street, Suite 400<br>Cincinnati, OH 45202<br><br>and<br><br>ATTORNEY GENERAL OF THE UNITED STATES<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>and | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT**<br><br>**TORTS -<br>PERSONAL INJURY /<br>MOTOR VEHICLE** |

|  |  |
|---|---|
| USAA GENERAL INDEMNITY COMPANY<br>P.O. Box 5000<br>Daphne, AL 36526<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

Now come the Plaintiffs, by and through undersigned counsel, and for their Complaint allege and aver as follows:

## COUNT ONE:

1. At all times herein mentioned, upon information and belief, Defendant Ryan A. Frazier was and now is a private individual who resides at 837 Montgomery Avenue in Ashland, Kentucky 41101.

2. At all times herein mentioned, Defendant United States Postal Service (hereinafter "USPS") is a duly licensed and authorized agency that routinely conducts business throughout the State of Ohio by and through the express authority of the Ohio Secretary of State.

3. At all times herein mentioned, Plaintiff Regina Cooley is a private individual who resides at 1641 Sixth Street in West Portsmouth, Ohio 45663.

4. At all times herein mentioned, Plaintiff Reginald Bennett is a private individual who resides at 62 Windmill Road in Poughkeepsie, New York 12601.

5. On or about December 13, 2019, in the exercise of due care, Plaintiff Reginald Bennett was operating a motor vehicle southbound on County Road 128 in the Township of Hamilton, the County of Lawrence, and the State of Ohio.

6. At the same date, time and place, Plaintiff Regina Cooley was a passenger in the vehicle being operated by co-Plaintiff Reginald Bennett.

2

7. At the same date, time and place, Defendant Ryan A. Frazier was operating a motor vehicle northbound on County Road 128 when he so negligently, carelessly and recklessly operated his motor vehicle, specifically by failing to maintain control of said vehicle, that he went left of center and caused a violent collision with the vehicle being operated by Plaintiff Reginald Bennett.

8. At all times relevant herein, Defendant Ryan A. Frazier was in the course and scope of his employment with Defendant USPS as an employee / agent / representative of USPS when he negligently operated a motor vehicle, in direct violation of Defendant's statutory duty imposed under the laws of the State of Ohio. Defendant USPS is directly responsible for the negligent actions of Defendant Ryan A. Frazier under the doctrine of Respondeat Superior.

9. At all times relevant herein, Defendant Ryan A. Frazier failed to obey traffic laws of the State of Ohio, failed to operate a vehicle with reasonable control, failed to exercise ordinary care, and failed to yield when attempting to make a left turn.

10. As a direct and proximate result of Defendant Ryan A. Frazier's negligent actions, as more fully set forth above, Plaintiffs Reginald Bennett and Regina Cooley were severely and permanently injured; suffered great pain of body and of mind and will continue to suffer great pain of body and of mind into the indefinite future; suffered mental anguish; and incurred hospital and medical expenses in the past and will incur additional hospital and medical expenses into the indefinite future.

**COUNT TWO:**
**FIRST PARTY COVERAGE BENEFITS AGAINST**
**DEFENDANT USAA GENERAL INDEMNITY COMPANY**

11. Plaintiffs hereby reallege and reaver each and every allegation contained in the foregoing paragraphs as if fully rewritten herein.

12. At all times herein mentioned, Plaintiff Reginald Bennett was insured under an insurance policy underwritten by Defendant USAA General Indemnity Company (hereinafter "USAA"), which provided for No-Fault Motorist coverage and other first party benefits, including but not limited to personal injury protection (PIP). Said policy is in the possession of Defendant USAA.

13. At all times herein mentioned, Plaintiff is entitled to recover pursuant to the aforementioned insurance policy up to the maximum first party coverage benefits available, including without limitation:

   a. All necessary expenses incurred for medical and related services, therapy services, certain non-medical treatment by certain recognized religious methods, and other professional health services, so long as the injury was ascertainable within one year of the incident;

   b. Loss of earnings, and reasonable and necessary expenses incurred in obtaining services in lieu of those which Plaintiff would have performed for income, up to $2,000.00 per month for up to three years;

   c. Up to twenty-five dollars ($25.00) per day for up to one year from the date of the accident to reimburse reasonable and necessary expenses; and

   d. Any other no-fault coverage benefits or other first party benefits to which Plaintiff may be entitled under the laws of the State of New York.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages in excess of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS), and judgment against the Defendant USAA General Indemnity Company for first party benefits

pursuant to New York Consolidated Laws Section 5102, et seq., as well as prejudgment interest, plus the cost of this action, and any other additional relief as the Court deems proper.

Respectfully submitted,

Joseph T. Joseph, Jr, SC#0070443
Joseph Law Group, LLC
3690 Orange Place, Suite 175
Beachwood, Ohio 44122
Ph: (216) 522-1600
Fx: (216) 522-1602
Email: jtj@josephlawgrp.com
**Counsel for Plaintiffs Regina Cooley and Reginald Bennett**